# STATE OF MICHIGAN

# COURT OF APPEALS

CHARLIE B. HOBSON and MARY L. HOBSON,

Plaintiffs-Appellees,

v

INDIAN HARBOR INSURANCE COMPANY,
XL INSURANCE AMERICA, INC., and XL
INSURANCE COMPANY OF NEW YORK,
INC.,

Defendants-Appellants,

and

WILSON INVESTMENT SERVICE &
CONSTRUCTION, INC., WILSON
INVESTMENT SERVICE, CRESCENT HOUSE
APARTMENTS, CRESCENT HOUSE
APARTMENTS, L.L.C., W-4 FAMILY LIMITED
PARTNERSHIP, W-4 FAMILY, L.L.C., and
JAMES P. WILSON,

Defendants-Appellees.

UNPUBLISHED
March 10, 2015

No. 316714
Wayne Circuit Court
LC No. 12-008167-CK

Before: O'CONNELL, P.J., and BORRELLO and GLEICHER, JJ.

O'CONNELL, P.J. (*concurring*).

Where there is fire, there is smoke. I concur in the majority opinion, which upholds the age-old relationship between smoke and fire.[1] I write separately to note that there is another reason to rule in plaintiffs' favor. The insurance defendants' policy provides that the pollution exclusion does not even apply in cases of smoke caused by a fire on the insured premises.

---

[1] As the trial court noted when it denied the insurance defendants' motion for summary disposition in this case, "it was a fire" and "[a] fire has smoke."

-1-

The insurance defendants contend that the trial court erred when it denied their motion for summary disposition because the policy's pollution exclusion in subdivision f. defines pollution as "including smoke." The insurance defendants base their argument around the parties' endorsement to subdivision f. of the insurance policy.[2]

Initially, subdivision f. of the parties' policy previously indicated that the pollution exclusion did not exclude damage from a "hostile fire." However, the parties changed subdivision f. through a later endorsement that removed the "hostile fire" exception to that provision. The pollution exclusion continued to exclude bodily injury and property damage caused by "pollutants." The policy defined "pollutants" to mean "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke . . . ."

The insurance defendants' entire argument regarding the change in the pollution clause constitutes smoke and mirrors. The final paragraph of Section I—Coverages, 2. Exclusions, on the fifth page of the policy, provides that "[e]xclusions **c.** through **n.** do not apply to damage by fire to premises while rented to you or temporarily occupied by you with the permission of the owner." The parties' endorsement changed subdivision f. but did not change this portion of the policy. The pollution exclusion at issue here is exclusion f., which falls alphabetically between c. and n. By the plain language of the policy, exclusion f. does not apply in this case because the Hobsons' claim concerns "damage by fire to premises."

I would affirm the well-reasoned decision of the trial court on this additional ground.

/s/ Peter D. O'Connell

---

[2] The unintended consequences of the insurance defendants' unique interpretation of the policy would certainly lead to coverage disputes when a fire smolders but does not ignite, causing smoke damage but no damage by flames. The insurance defendants' interpretation of its fire insurance policy would arguably negate liability for smoke damage from *all* fires they purportedly insure against.